[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SAMANEH AHMADINEJAD )
)
_____ )   1:21-cv-06771
) Judge Andrea R. Wood
Plaintiff(s), ) Magistrate Judge Jeffrey Cummings
) RANDOM
v. )
DEPAUL UNIVERSITY )
)
_____ )
)
Defendant(s). )

RECEIVED
DEC 20 2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is SAMANEH AHMADINEJAD of the county of Cook in the state of Illinois.

3. The defendant is DEPAUL UNIVERSITY, whose street address is 55 E. Jackson Blvd. 22nd Floor, (city) Chicago (county) Cook (state) IL (ZIP) 60604

(Defendant's telephone number) (312) - 362-8865

4. The plaintiff sought employment or was employed by the defendant at (street address) 2219 North Kenmore Avenue (city) Chicago (county) Cook (state) IL (ZIP code) 60614

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.  The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☑ was employed but is no longer employed by the defendant.

6.  The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) 11, (day) 15, (year) 2019.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☑*has* ☐*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☑ the United States Equal Employment Opportunity Commission, on or about (month) 3 (day) 11 (year) 2021.

        (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☑ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

    It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day)_____ (year)_____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☐ Yes   ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes   ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 9 (day) 23 (year) 2021 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☑ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☑ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☑ other (specify): unfair distribution of workload, differential treatment, exclusion, intolerance, failed to accommodate or take (continued next page)

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(Continued from previous page) into consideration illness and request for absence due to funeral and bereavement.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

- Teaching assistantship was not renewed despite having met academic requirements (GPA above 3 out of 4)

- Failed to accommodate request for absence to attend funeral and bereavement. Absence was accommodated for two students who were not of my race, ethnicity, faith or national origin for the same event on November 15, 2019 who were given alternative dates (see additional pages)

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ YES ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a) ☐ Direct the defendant to hire the plaintiff.

    (b) ☐ Direct the defendant to re-employ the plaintiff.

    (c) ☐ Direct the defendant to promote the plaintiff.

    (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ Direct the defendant to (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

to give presentations while I was not given that same opportunity.

- On January 16, 2020, in response to my email requesting to arrive late to accommodate my health condition, Dr. Susan Fischer mentioned in email that she was "a bit frustrated with the number of requests" I had made that quarter and that "TAing will not work out in the future" if this continues. The only other request I had made that quarter was to swap tutoring hours with another teaching assistant in order to attend a colloquium, a very reasonable request. Yet in her email she mentioned "number of requests" and that she was frustrated and that TAing will not work out in the future, clearly demonstrating her intention of getting rid of me due to her intolerance of me. On February 2, 2020, one of the students who was not of my race, ethnicity, faith or national origin emailed her and the teaching assistants that he would be arriving late. Dr. Fischer responded in a mild, reasonable tone thanking him for letting others know. She wasn't at all frustrated with his request and neither did his announcement for arriving late jeopardize his teaching assistantship. This clearly wasn't the case for me.

- On Tuesday, December 17, 2019, Dr. Fischer sent an email informing me and the other teaching assistants and faculty members of a meeting to be held on Monday, January 6, 2020 at 12:30pm. I responded to the email the same day it was sent, requesting for confirmation of the starting time of 12:30pm which I received no response to. When I arrived at the meeting on January 6 at the designated time, the meeting ended shortly afterwards. I then asked what time the meeting had started and was told it had started at 11:30 am, in contrary to the 12:30pm time mentioned in the email. I then asked about the email mentioning the meeting would start at 12:30pm and Dr. Fischer responded, "there was a miscommunication in the email" despite the fact that everyone else who was present at the meeting had known of the correct start time and I was the only one who wasn't aware of this "miscommunication" in the email and my email confirming the start time of the meeting had been ignored. The others who were present at the start of the meeting were not of my race, ethnicity, faith or national origin. Dr. Fischer continued to start the meetings before the designated time without prior notice throughout the winter quarter of 2020. A Hispanic professor and I would arrive at the meetings after that first meeting at the designated time of 11:30am only to see that the meetings had started significantly ahead of time. In one instance, one of the sessions we were scheduled to review was already completed in the meeting we had arrived on time to. When I confronted Dr. Fischer in this regard, she responded, "we start when everyone gets here" clearly demonstrating her exclusion of classifying me and the Hispanic professor as "everyone".

- After sharing Dr. Fischer's exclusion of me and the Hispanic Professor from the meetings with Dr. Eric Landahl during our phone conversation on March 27, 2020 and in an email sent to him on March 28, 2020 and after having shared with him Dr. Fischer's intolerance of me through the email in which she had mentioned TAing will not work out in the future when I had asked to be late due to my health, I received an email from Dr. Eric Landahl on March 30, 2020 asking me not to pursue a fall and winter timeline. I was then excluded from receiving teaching assistantship responsibilities, duties and tasks as well as the meetings throughout the spring quarter 2020 despite the fact that I was still under teaching assistantship contract with DePaul University until June 2020. This clearly demonstrates a case of retaliation of my complaint of differential treatment and exclusion. (See additional page)

Item 13 continued:

- Throughout the winter quarter of 2020, I was assigned papers to grade from classes I was NOT assigned as a teaching assistant to. In other words, I was being given the workload of other teaching assistants who were not of my race, faith, ethnicity or national origin. The papers pertaining to their classes were assigned to me for grading. On February 24, 2020, I sent an email to both Dr. Eric Landahl and Dr. Susan Fischer pointing out the unfair workload distribution. Consequently, Dr. Fischer organized a meeting with the Graduate Assistant Committee on February 26, 2020, just two days after I sent the email complaining about the unfair distribution of workload and it was decided that my graduate teaching assistantship would not be renewed. This further demonstrates retaliation to my complaint and attempt to take action regarding the unfair treatment I had faced at DePaul University.

- The subject being taught during the spring 2020 quarter which I was excluded from receiving teaching assistantship responsibilities and duties and excluded from meetings despite the fact that I was still a teaching assistant under contract with DEPAUL UNIVERSITY was electricity and magnetism, a subject which I had extensive academic, work and teaching experience in as an electrical engineer with both a bachelor's and master's degree in the field. None of the other teaching assistants who were given teaching assistant duties to teach the subject had my credentials or expertise in the field and neither did the instructor of the course who was a white, blue eyed caucasian male with a bachelor's degree in business administration which is completely irrelevant to electricity and magnetism and was a part time comedian. Nonetheless, I was not even given the teaching assistantship opportunity despite my credentials and expertise in the field to even assist him in teaching the subject. I had also applied for an adjunct faculty position to teach electronics at DePaul University's Physics department which I never even got an interview for despite my years of teaching experience at a reputable community college having taught electronics and other advanced courses involving electricity and magnetism. I was the only one of my race, faith, ethnicity and national origin at DePaul University's Physics graduate school program.

- The instructor of one of my graduate coursework classes named Jesus Pando would constantly mock me, humiliate me and put me down in class while this wasn't the case for other students who were not of my race, faith, ethnicity or national origin. There were times when he would even swear using derogatory, profanity and vulgarity when I asked questions pertaining to the subject being taught. He would give other students more time to complete the assignments given and extend the deadline for them while this wasn't the case for me and would even tell me it would be due earlier for me. On one occasion he asked me to leave his office during office hours when another student who was not of my race, faith, ethnicity or nationality showed up to make time for the other student despite the fact that I had not gotten the answer to my question and he had mocked me instead of answering my question. I later asked the other student if he had answered her questions and he had gone over the solutions to the homework assignment with her and had responded to her questions. This was clearly not the case for me.

Page 2

- On August 14, 2020, I sent an email to DePaul University's Human Resource Department informing them that my teaching assistantship had not been renewed and requested a letter to be issued giving the reason why it had been terminated. I sent the same request to the office of Employee Relations and Equal Employment Opportunity at DePaul University on August 14, 2020. On August 17, 2020, I sent an email to DePaul University's Provost, Dr. Selma Ghanem, informing her of the Physics Department's unfairness towards me and their decision to terminate my teaching assistantship. On August 23, 2020, I sent a sarcastic response to DePaul University's Physics Department Office Assistant Mary Ann Quinn's email in which Dr. Jesus Pando had condemned racial discrimination and hatred. In my response sent on August 23, 2020, I mocked them, questioning their condemnation of discrimination and criticizing their own discrimination by asking, "how do you define the pot calling the kettle black?" as I had experienced extensive discrimination by Jesus Pando himself throughout his course and had even informed one of the faculty members about it. As a result of my emails sent throughout August of 2020 as my attempt to take action against the discrimination and unfair treatment I had faced from DePaul University's Physics Department, I was told to return the keys. The keys were not collected from the other graduate students, even those who didn't have teaching assistantships or coursework. I was also then excluded from the graduate school meetings and events including graduate student meetings and orientations, thesis proposals and presentations even though they still acknowledged me as a continuing graduate student in their program. The fact that I was deprived and excluded from the facilities and the program after my complaints of unfairness and criticism of discrimination clearly demonstrates another case of retaliation.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_____
(Plaintiff's signature)

SAMANEH AHMADINEJAD
(Plaintiff's name)

2324 W 48th St, second floor rear
(Plaintiff's street address)

(City) Chicago     (State) IL     (ZIP) 60609

(Plaintiff's telephone number) (312) – 714-7921

Date: 12/20/2021

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Samaneh Ahmadinejad<br>2324 W 48th St<br>2nd floor rear<br>Chicago, IL 60609 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-01393 | Jerry Zhang,<br>Investigator | (312) 872-9694 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/eh*           9/23/2021

Julianne Bowman,<br>District Director           *(Date Issued)*

Enclosures(s)

cc:   **DePaul University<br>C/O Scott Wanrer<br>Partner<br>Husch Blackwell LLP<br>120 S. Riverside Plz, Ste 2200<br>Chicago, IL 60606**

Enclosure with EEOC
Form 161 (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2021-01393 |
|---|---|---|

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>**MS. SAMANEH AHMADINEJAD** | Home Phone<br>**(312) 714-7921** | Year of Birth<br>**1982** |
|---|---|---|

Street Address — City, State and ZIP Code
**2324 W 48TH ST, 2ND FLOOR REAR, CHICAGO, IL 60609**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>**DEPAUL UNIVERSITY, LINCOLN PARK** | No. Employees, Members<br>**201 - 500** | Phone No.<br>**(773) 325-7330** |
|---|---|---|

Street Address — City, State and ZIP Code
**2425 N SHEFFIELD AVE, CHICAGO, IL 60614**

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address — City, State and ZIP Code

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☐ SEX ☒ RELIGION ☒ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **06-14-2020** Latest: **06-14-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began my Scholarship/Teaching Assistantship in or around September 2019. During my employment, I was subjected to harassment. On or about June 20, 2020, my Scholarship/Teaching Assistantship was not renewed. I complained to Respondent but received no response.

I believe I have been discriminated against because of my national origin, Middle Eastern, race, Iranian, religion, Muslim, and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Samaneh Ahmadinejad on 03-11-2021 01:26 PM EST**

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.